# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

PATRICK J. LUNDINE,

    Plaintiff,

    v.

HILL ENGINEERING, INC., AN ILLINOIS CORPORATION,

    Defendant.

No. 04 C 3465
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Patrick Lundine ("Lundine") was a machinist for Defendant Hill Engineering, Inc. ("Hill), a company in the tool & die business. Lundine was hired as a general machinist in 1993 and continued to work for Hill until 2003, when Hill eliminated his position. Lundine was 49 years old at the time. He subsequently filed suit alleging that he was discharged because of his age and a previously-filed worker's compensation claim. Hill has moved for summary judgment of Lundine's Complaint.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In determining whether any genuine issue of material fact exists, all facts must be construed in the light most favorable to Lundine and all reasonable and justifiable inferences drawn in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A material fact is genuinely in dispute when "the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." *Id*. at 248.  If Hill presents a *prima facie* case showing that it is entitled to judgment as a matter of law, Lundine may not rest upon the allegations or denials in his pleading but must set forth specific facts showing that a genuine issue for trial exists.  *See id*. at 256-57.

The ADEA prohibits an employer from "discharging any individual . . . because of such individual's age."  29 U.S.C. § 623(a)(1) (2003).  To establish a claim under the ADEA, Lundine must show that his age "actually motivated [Hill]'s decision;" *i.e.*, he must demonstrate that his age "actually played a role in [the employer's decisionmaking] process and had a determinative influence on the outcome."  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000) (internal quotation and citation omitted). Lundine may prove his claim through one of two methods; in this case, Lundine relies on the indirect method articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under *McDonnell Douglas*, Lundine must establish a *prima facie* case of discrimination; if he is able to do so, Hill must articulate a legitimate, non-discriminatory reason for terminating or failing to transfer him.  *See Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 472 (7th Cir. 2002).  If Hill meets this burden, Lundine must "muster sufficient evidence to convince a rational jury that [Hill's] justifications were pretextual." *Id*. at 473.

*Age Discrimination Claim*

Lundine worked as a machinist at Hill, operating manual metal-working machines such as lathes, drill presses, saws and squaring mills.  For the last year and a half of his tenure, Lundine also operated a machine known as an "NC" machine.[1]  Machinists are less skilled than the tool

---

[1]"NC" machines are numerical control milling machines.  NC machines differ from "CNC Machining Centers" which are computerized machining centers used for precision cutting. Hill employs dedicated operators and a computer programmer to run the CNC machining centers.

and die makers who oversee the manufacture of the die and who assign elements of the manufacturing process to machinists.

In 2002-2003, Hill's non-tooling work decreased by $3 million. During this period, and prior to Lundine's release, Hill released nine other employees. When business conditions did not improve, Hill shifted its focus from metal cut-off machinery to tool and die work and decided to eliminate the machinist position entirely, forcing Lundine out of his position.[2] That decision was made by Hill's General Manager and its Plant Manager. Lundine does not dispute any of these facts, but nonetheless argues that his termination was the result of impermissible age discrimination because: 1) Joaquin Cerda and David Paulsen, two younger machinist apprentices with less seniority, were not released but were permitted to transfer to the tool and die apprentice program; and 2) he had more seniority at the company than other employees and was capable of learning another job in a short period of time but was not permitted to do so.

In order to establish a *prima facie* case of discrimination, Lundine must present admissible evidence of a specific employee outside of his protected class who was treated more favorably than he and who was "directly comparable to [him] in all material respects." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir. 2002) (citations omitted). *See also Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 618 (7th Cir. 2000) ("an employee need not show complete identity in comparing himself to the better treated employee, but he must show substantial similarity"). Lundine argues that Cerda and Paulsen held the same position, and were

---

Lundine was not qualified to operate the CNC machining centers and did not operate or otherwise work on them.

[2] Hill decided that journeymen tool and die makers would be responsible for the entire manufacturing process, taking over the former responsibilities of the machinists.

treated more favorably when they were permitted to transfer into the tool and die apprenticeship program.

Lundine's argument fails for the simple reason that Cerda and Paulsen were not similarly situated to him. In July 2003, Cerda and Paulsen were employed as machinist apprentices, whereas Lundine was an experienced journeyman machinist.[3] When Hill decided to eliminate the machinist position, Cerda and Paulsen were permitted to transfer from the machinist apprentice program to the tool and die apprentice program. Hill could not have transferred Lundine into an apprenticeship program; at best it could have considered him as an applicant for the program. However, Lundine did not express an interest in joining the apprenticeship program and Hill's assumption that he would not accept a significant pay cut to join the apprenticeship program was neither unreasonable nor an indication of age discrimination.[4]

---

[3]*Cf. Fredrerick v. Abbott Labs.*, No. 03 C 5038, 2005 WL 627957, at *5-6 (N.D. Ill. Mar. 16, 2005) (evidence that an apprentice did not adhere to the limitations of an apprenticeship program but held essentially the same job and followed the same procedures as the plaintiffs established a factual dispute on the issue of whether the apprentice was similarly situated). In this case, Lundine produced no evidence disputing the fact that both Cerda and Paulsen were members of Hill's formal apprenticeship program prior to July 2003 and that the requirements of the machinist apprenticeship program were identical to the requirements of the tool and die apprenticeship program during the first two years of the programs.

[4]Lundine cannot establish an inference of discrimination by arguing that he was not offered an opportunity to participate in the apprenticeship program for tool and die makers. *See Konowitz v. Schnadig Corp.*, 965 F.2d 230, 234 (7th Cir. 1992) (refusing to infer discrimination when the plaintiff produced no evidence that he applied for other jobs or informed the company of his interest in other jobs) (citing *Box v. A&P Tea Co.*, 772 F.2d 1372, 1377 (7th Cir. 1985), *cert. denied*, 478 U.S. 1010 (1986)). *Cf. Taylor v. Canteen Corp.*, 69 F.3d 773, 780-81 (7th Cir. 1995) (observing that under the ADEA, "an employer implementing a RIF may not favor younger employees over older ones by finding new positions only for younger employees" but that to demonstrate that a failure to transfer was discriminatory, "an employee must do more than show a general interest in obtaining some job").

Lundine admits that in July 2003 there were no open positions at Hill for which he was qualified. He nevertheless argues that he should have been offered another employee's job if he possessed the necessary skills or could have learned them quickly, and that Hill's failure to accommodate him in this way permits an inference of age discrimination. More specifically, Lundine argues that because he operated NC machines, he should have been trained as a CNC machining center operator. Yet there were no open positions for CNC machine center operators in July 2003 and Lundine never told his managers he wanted this opportunity. Hill bore no obligation to terminate a younger employee's position in order to retain Lundine, *Radue*, 219 F.3d at 615, and Lundine's failure to apply for or even request another position effectively ends his *prima facie* case, *Konowitz v. Schnadig Corp.*, 965 F.2d 230, 234 (7th Cir. 1992). Furthermore, Lundine offers no facts to establish that he was qualified for the CNC position.[5]

Even if Lundine had established a *prima facie* case of discrimination, Hill offered a legitimate, non-discriminatory reason for its decision to discharge him. In 2003, the amount of work for Hill's employees had decreased significantly. To remain competitive, the company eliminated the machinist position, requiring more experienced tool and die makers to take responsibility for Lundine's former job (machining). Lundine does not dispute these facts. Nor does he offer any relevant, admissible evidence to rebut the explanation for his discharge and thereby establish pretext. *See Grube v. Lau Indus.*, 257 F.3d 723, 730 (7th Cir. 2001) (to establish pretext, an employee must show that the employer's explanation was a "dishonest

---

[5]Lundine argues that he was qualified or could have learned to operate a CNC machine because he trained other employees on different machines and operated NC machines for more than a year and a half. However, Lundine failed to offer any evidence that his experience operating an NC machine qualified him for the position of CNC Machine operator, staffed only by specially-trained employees.

explanation, a lie rather than an oddity or an error" or "deceit used to cover [its] tracks") (internal quotations and citation omitted).⁶ For this reason, his claim of discrimination fails as a matter of law.

*Retaliation Claim*

Lundine also alleges that he was discharged for filing a worker's compensation claim. To establish a claim of retaliatory discharge, Lundine must show that he was Hill's employee prior to his discharge, that he exercised a right granted by the Worker's Compensation Act, and that his exercise of this right caused his discharge. *See Hiatt v. Rockwell Int'l Corp.*, 26 F.3d 761, 767 (7th Cir. 1994). "The element of causation is not met if the employer has a valid basis, which is not pretextual, for discharging the employee." *Bourbon v. Kmart Corp.*, 223 F.3d 469, 472 (7th Cir. 2000) (internal quotations and citation omitted). As Judge Conlon recently observed:

> It is unsettled whether Illinois retaliatory discharge cases brought in federal court should be analyzed using the burden shifting method presented in *McDonnell Douglas*, or the direct method used by Illinois courts on summary judgment . . . The court need not determine which approach is appropriate. If [defendant]

---

⁶Lundine appears to argue that Hill's failure to offer him an apprenticeship based on the belief that he would not accept a position offering significantly less pay is evidence of pretext. It would not have been unreasonable for Hill to assume that Lundine would not take a significant pay cut to enter the apprenticeship program simply because other employees (Cerda and Paulsen) may have accepted more modest pay cuts in order to enter the apprenticeship program. *See, e.g., Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 472 (7th Cir. 2002) ("it is legitimate for an employer to deem someone over-qualified, as well as under-qualified, for a position") (citation omitted). Lundine also argues that he has evidence that Cerda and Paulsen did not enter the apprenticeship program until well after July 2003, rendering Hill's explanation of its decision to retain the two dishonest and casting doubt upon Hill's explanation for Lundine's discharge. However, Hill offered undisputed evidence that Cerda and Paulsen entered the company's apprenticeship program before July 2003. Lundine merely demonstrated that the two signed applications for a federal training program in 2004.

6

> establishes a valid, non-pretextual reason for his termination
> [plaintiff's] claim fails under either approach.

*Thomas v. Guardsmark, Inc.*, 2005 WL 936775, *6 (N.D. Ill. April 16, 2005) (citations omitted). In this case, Lundine relies on the same pretext arguments he made in support of his age discrimination claim to defend against summary judgment of his retaliation claim. For the same reasons discussed above (namely, a lack of admissible evidence), Lundine's claims of pretext also fail here. This is sufficient reason to dismiss his claim of retaliation. *See Carter v. Tennant Co.*, 383 F.3d 673, 678 (7th Cir. 2004); *and Hartlein v. Illinois Power Co.*, 601 N.E.2d 720, 728 (Ill. 1992).

Defendant's Motion for Summary Judgment is GRANTED. Defendant's Motion to Strike portions of Plaintiff's Rule 56(e) Affidavit and Response to Defendant's Statement of Uncontested Facts is DENIED AS MOOT.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: March 3, 2006